## Moore v. Bailey

*Joseph Colavecchi,* for plaintiff.
*James K. Nevling,* for defendants.

REILLY, *P.J.,* January 22, 1980—This action to quiet title involves a 240 acre tract of land in Cooper Township, Clearfield County, Pa. Plaintiff, Jessie Moore, seeks to establish title to one-half interest in the surface and the gas and oil underlying said tract. The issue involved concerns the construction of a deed from Manuel Emmet Beam to Fred Beam and Mrs. Jessie Moore Boath dated November 30, 1925, and recorded in Clearfield County Deed Book 283 at page 503.

The first question to be resolved is the proper interpretation to be placed on the description of the grantees in the deed which is stated as follows:

"Fred Beam and Mrs. Jessie Moore 'Boath' of Bradford Township, Clearfield County and State of Pennsylvania, parties of the record part hereinafter called the Grantees."

The issue is the interpretation of the word "Boath"; as used in the above sentence, the word could be a proper name or a misspelling of the word "both." This court is satisfied that the latter in-

terpretation is correct. Initially, it must be noted that the proper name of Mrs. Jessie Moore immediately precedes the word. Since the grantor's daughter was named Mrs. Jessie Moore, it would seem obvious that the word "Boath" is erroneously used and should, in fact, have been the word "both." Moreover, in seeking to determine the intent of the parties, it would seem clear that the grantor intended to devise the property to his children, which therefore, requires the finding set forth above.

The second issue that must be determined turns upon the fact that one of the grantees named therein, specifically Fred Beam, died in 1924, and the deed in question is dated November 30, 1925. It has been long recognized that: "A grant to a deceased person or to the estate of a deceased person is void at common law for want of a grantee in being and capable of taking the estate conveyed. . . ." 23 Am.Jur. 2d, Deeds §44. However, in this case, the second grantee was alive at transfer and able to take subject to the conditions of the deed. In view of this, this court is of the opinion that the surviving grantee is eligible to take under the deed.

While it appears that the appellate courts of Pennsylvania have as yet to address the issue, other jurisdictions have held as follows: ". . . where there are other grantees named in a deed who were in esse at the time of its execution, the failure of the grant, because of the fact that one of the grantees named therein was deceased at the time of its execution, does not invalidate the grant as to those living." Annotation, Death of one of the grantees prior to deed execution, 148 A.L.R. 254, 255. See also Hopkins v. Slusher, 266 Ky. 300, 98 S.W. 2d 932 (1936), and Black v. Beagle, 59 Wyo. 286, 140 P. 2d 594 (1943).

Therefore, this court enters the following

ORDER

Now, January 22, 1980, upon consideration of defendants' motion for judgment on the pleadings, it is the order of this court that said motion be and is hereby denied.